Ruffin, Chief Justice,
 

 after stating the pleadings and proceedings in the former suit as above, proceeded :—
 

 The plaintiffs are of course confined to the errors pointed out in the bill, and unless some of them go to the whole ground of the decree, it is not to be absolutely annulled, but reversed, as far as it is erroneous, and corrected by making it what it ought to have been. Supposing the award, therefore, to stand, any departure from it in the decree would simply call for its modification so as to make it conformable to the award, in the particulars in which they do not agree, provided such correction be asked by a person prejudiced by the decree as pronounced. The only difference brought to our notice, between the decree and the award on which the decree professes to be founded, is, that the latter directs the share of JB. J. Parks, of the proceeds of the land, after payment of his costs, to be applied to the satisfaction of his debts to the othqr parties, and the former, it is said, orders it to be paid to Parks himself. There are several answers to that position. In the first place, Parks is one of the plaintiffs in the bill of review; then surely he cannot complain of the direction in the decree, that he should receive that money: and supposing that the other plaintiffs by themselves might, yet as they have thought proper to connect themselves with him, they must abide his fate. But, secondly, the Court apprehends that the supposed discrepancy does not exist. The award and decree are substantially the same, as far as they could be, upon this subject. The arbitrator awarded that the land should be sold, and appropriated the proceeds, first, by declaring the shares of the respective parties in it, and secondly, by subjecting the share of Parks to the satisfaction of his awarded debt to the others, unless otherwise paid. The arbitrator could not himself sell the land and divide the proceeds. He could award that the parties should sell, or that the sale should be made under the directions of the Court; and the latter was the better method, as the award was made under a rule of
 
 *519
 
 Court, in a cause then pending, iq which all necessary orders might be make to render the award directly effectual. The Court ordered the sale to be made by its officer, and expressly declares the same charges on the proceeds that appear in the award.
 

 Upon a ters in dis-tween co-j
 
 Dg
 
 or settling
 
 ¶—
 
 cannot Abecause it fó^ay an™ outstand-thfpartner-sIllP-
 

 It does not direct the money to be paid to Parks, but only declares his share. In such a case the sale is not made until confirmed by the Court. Consequently, the money could not be paid by the master until a further order, but it was his duty to bring' the sum into Court, and it would there be subject to the applications directed in the award and decree.
 

 We likewise think the objections to the award upon the score of the sum of eighty-seven dollars thirty-six cents, to be paid to Mastín, and of the sale of the lands which had been purchased by George Parks and Co., untenable. It is an error to say that those were points not within the submission, and involved subjects and interests which the arbitrator or Court could not bind.
 

 The submission included all matters in controversy in that suit. The suit was for the settlement of partnerships between the parties: the bill covers the whole partnership dealingand effects. The object and effect of every such bill, is to bring all the effects, of whatever consis ting, into Court for division; and to inquire into all demands against the firm, and cause them to be settled. For only the net balance, belongs to the parties, and it cannot be told what the assets will be until they have been turned into money, and all claims of third persons cleared off. This is particularly beneficial to the partner who has the effects in hand; for if they were taken from him, he would be left liable to pay a creditor of the company out of his own pocket. In this case, the original defendants were the surviving partners, and therefore alone liable at law to the creditor. If the creditor had been a third person, altogether unconnected with the cause, the Court would probably have directed the payment by interlocutory order, before making the final decree, because nothing short of actual payment would bind the creditor, or secure the partners. But there was no impropriety in making the decree for payment in
 
 *520
 
 this case, as the creditor was in one capacity a party to the suit, and did not object to it. The funds were not ta^en fr°m him; and it was for the protection of Waugh and Finly, that the debts should be satisfied out of the funds in the hands of Waugh, before a distribution. It is not a decree of recovery simply, but it is a step taken to-reduce the assets to their true amount.
 

 Where a siifp owned land, and deathof one of the ther’eove-nants to stand in his place as to tots™™' cannot ob-award and decree do-sal^of that land, that the representatives of the deceased partner were not parties to the bill.
 

 So, also, with respect to the land. If it belonged to the company, a sale was necessary. There could be no final adjustment without it. It might have been directed to precede a division, so as to bring the proceeds into account in making the division. But the award, as drawn, is not the less final; for all the other assets are ascertained and divided, and these directed to be ascertained in an infallible mode, namely, by sale, and then divided in the same proportions.
 

 But it is said, that these lands did not belong to the-but had been purchased by George Parks & Co. in-the lifetime of George Parks; and therefore that the arbitrator could not determine the rights of George Parks, nor the decree bind them. It is admitted, that nothing done in this suit can affect George Parks’s representatives, jgut the question between these parties is wholly uncon- , , , ,- ,xrl .
 
 . „
 
 nected with that subject. W hatever interest the firm or-company had in the land, as a firm or company, might properly be ordered to be
 
 sold;
 
 although that might not be an absolute or exclusive interest, either at law, or in equity. Between these parties, indeed, the land was to be deemed the property of the new company, formed after the death of George, into which B. J. Parks was admitted. He and Waugh undertook, with the others, that they would represent George in every respect. To the other members the property was to be made good as if Waugh and B. J. Parks had been partners from the beginning, and George had never been a partner. They contracted to satisfy George Parks, and to put him out of the concern, as respected the other members. If, therefore, George Parks’s heirs could claim this land, or a part of it, and could bring these parties into litigation, it would be solely because the present plaintiffs have not fulfilled their
 
 *521
 
 agreement with the present defendants. The original bill was not to settle the firm of George Parks & Co., as such, but to settle that of which B. J. Parks was a member; and the firm of George Parks & Co. is only mentioned by way of reference, to show the terms upon which the new partnership was
 
 formed,
 
 and of- what a part of its effects consisted. If these lands belonged to George Parks and Co., Waugh and B. J. Parks stipulated that they would make them assets of the new company, and they ought not to raise an objection that they are not so. The arbitrator properly treated them as assets of the partnership he was adjusting, and directed a sale. The award was final between these parties, although some of them might be responsible to others on another contract, in respect of an interest in the land. The award would „ not have been final, if it had not directed a sale, or some disposition of this land; because, unquestionably, this company had some interest in it; and when the award directed the sale of the land, it means the sale of the interest of the firm therein. It may be prudent and advantageous, with a view to the settlement of a partnership, to sell an uncertain and disputed claim in the state it is in, and not wait to have the title cleared; and there could have been no settlement in this case without it.
 

 An aware under a rule of Court which finds facts, and submits the law arising from them to the judgement of the Court, is final.
 

 when a partnership owns land, difficulty
 
 *522
 
 in the title to it is no objection, upon a dissolution and settle, ment of the partnership, to ordering a sale of such title as the partnership has.
 

 
 *521
 
 But it is again said, that the award was not final, because it did not positively direct the sale. It finds the facts conclusively, and does expressly direct the sale, if in law it be competent for an arbitrator to do so. That is the common mode in which a question of law is raised upon an award, upon a reference to counsel, upon the recommendation of the Court. It is simply saying such and such ,,
 
 c .
 
 , . ,
 
 J
 
 , • , T < are the tacts upon which arises a point which 1 mean to decide according to the rule of law ; if the law be one way on it, I award in that way ; but if the law be otherwise, I award the other way. This leaves the only question in dispute — that of the law on a precise point — to the most competent tribunal, the Court.
 

 But it is further contended, that if the arbitrator was authorized to award that the interest of the new firm should be sold, the Court ought to have confined the decree to
 
 *522
 
 such interest, and not directed a sale of the land, as if it had belonged wholly to these parties, since they could not make a good title, and might be answerable to George Parks, or to the purchaser, if they entered into general covenants. The answer is, that Waugh and B. J. Parks cannot, against their contract, make this objection, were it in itself valid. But it does not seem to the Court to have much difficulty in itself. It is assumed in the objection, that the land belonged to the partnership of George Parks & Co., and was acquired in the course of their dealings, for the purposes of partnership. Upon the death of George Parks, then, we suppose that at law it vested in the survivors, to be disposed of and accounted for by them to the representatives of the deceased partner, as money, according to the act of 1784. A good title could in that case have been made by these parties to the purchaser. But whether it could or not, that was a question for the purchaser, upon a motion for confirmation of the sale, and for the parties w'hen the covenants to be contained in their conveyances came to be settled. The difficulty in making a title might prevent the best sale from being effected, but it furnishes no reason why such a sale as could be made of such interest as this firm had in the land, should not be made. It might aid the discretion of the Court, in fixing the time of the sale, if either of the parties could show that the title could be made clearer within a reasonable period, and that it would make a real difference in the price. Nothing of that sort occurred here. It was not suggested, that any loss would actually arise from an immediate sale. On the contrary, it was found, by the arbitrator, that these very plaintiffs had, in a settlement with George Parks’s personal and real representatives, treated this land as part of the personal effects of the firm of which he was a member, and accounted for and paid his share, so as to vest in them the equitable as well as the legal title. Time, therefore, could not have improved the price, nor the title. The objection, indeed, is not addressed to the merits, as arising from a probable injury or loss by the state, but it is to the power of the arbitrator and the Court for the want of parties. The arbitrator does
 
 *523
 
 not pretend to bind George Parks’s representatives. It was his business to find in what the assets of this partnership consisted; and he states that this land is a constituent part, and why it is. This is the same as if he had found a tract of land to belong to the firm which A. B. conveyed to it. It is a mode of describing the subject, and also of showing how their claim was acquired. It does not profess to bind A. B., as if he were a party to the submission. This award does not profess to bind the representatives of George Parks; but it finds that they are bound by their own acts, and the law arising on them; and that by those means the land in question became exclusively vested in the parties to this suit. It being thus found and undisputed, the Court might very properly not only order an immediate sale, but a sale upon which the parties, Waugh and B. J. Parks should be compelled to covenant against the claim of all persons under George Parks; it is not perceived how any of the present plaintiffs could be injured thereby.
 

 This Court is therefore of opinion, that it was competent for the arbitrators to direct the sale of the lands in the award as part of the assets of the copartnership in the pleadings mentioned: that the award would indeed have been defective, if it had not provided for some disposition of them; and that in the case found by the award, they belonged at law to Messrs. Waugh and Finly, but in equity, to this partnership, as such.
 

 It is most proper, that the pleadings and proofs upon which a decree is founded, should be shortly recited in it. But it is not the practice in this state to do so, except by a general reference to them., In this case, the award is confirmed; and the decree is given upon the bill, answer, former order and award. We must understand a decree which professes to be made upon an award, to imply thereby that the matters decreed are thus decreed, because in the award they are thus awarded. Upon the whole, the Court does not decree the decree erroneous, in any of the matters alleged; and therefore the bill of review must be dismissed with costs; and the decree in the original cause stand affirmed.
 

 Per Curiam. Bill dismissed.